IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MICHAEL HOSEA, TDCJ #711435,     §
                                  §
           Petitioner,            §
                                  §
v.                                §
                                  §   CIVIL ACTION NO. H-17-2553
                                  §
LORIE DAVIS, Director,            §
Texas Department of Criminal      §
Justice - Correctional            §
Institutions Division,            §
                                  §
           Respondent.            §

## MEMORANDUM OPINION AND ORDER

Michael Hosea (TDCJ #711435) has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1) to challenge an adverse decision regarding his eligibility for early release from prison on the form of parole known as mandatory supervision. Respondent Lorie Davis has filed a Motion for Summary Judgment With Brief in Support ("Respondent's MSJ") (Docket Entry No. 10), arguing that the Petition is barred by the governing one-year statute of limitations and, alternatively, fails to state a meritorious claim for relief. Hosea has filed Petitioner's Objections to Defendant's Motion to Dismiss ("Petitioner's Objections") (Docket Entry No. 17). After considering the pleadings, the state court records, and the applicable law, the court will grant Respondent's MSJ and will dismiss this case for the reasons explained below.

I. <u>Background</u>

Hosea is currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") as the result of a conviction entered against him in Harris County Cause No. 9415203.[1] Hosea was charged with murder for causing the complainant's death by shooting him with a deadly weapon, a firearm, on or about June 28, 1994.[2] After a jury in the 232nd District Court for Harris County, Texas, found Hosea guilty of murder as charged, the trial court made an affirmative finding that Hosea used a deadly weapon to commit the offense and sentenced him to 40 years' imprisonment on March 31, 1995.[3] That conviction was affirmed on direct appeal. <u>See</u> Hosea v. State, No. 01-95-00358-CR, 1997 WL 709453 (Tex. App. — Houston [1st Dist.] Nov. 6, 1997, pet. ref'd).

On July 20, 2017, Hosea executed the pending federal habeas corpus Petition under 28 U.S.C. § 2254[4] arguing that he is entitled to early release from prison on the form of parole known as mandatory supervision.[5] All Texas inmates, except those under a sentence of death or serving a sentence of life imprisonment

---

[1]Petition, Docket Entry No. 1, p. 2.

[2]Indictment, Docket Entry No. 11-18, p. 16.

[3]Judgment on Jury Verdict of Guilty, Docket Entry No. 11-18, p. 82.

[4]Petition, Docket Entry No. 1, p. 11.

[5]<u>Id.</u> at 6-7.

without possibility of parole, are eligible to be considered for early release on parole after serving a certain portion of their sentence. See Tex. Gov't Code § 508.145. Unlike parole, which is wholly discretionary, an eligible inmate's release to mandatory supervision is required, subject to certain exceptions, when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." Tex. Gov't Code § 508.147(a).

Hosea contends that he has been denied early release on mandatory supervision in violation of the Ex Post Facto Clause because of a change in the governing statute, which was enacted after he committed the underlying offense in 1994.[6] Under the new statute, which went into effect on September 1, 1997, an inmate may not be released to mandatory supervision if he has been convicted of an offense enumerated in Texas Government Code § 508.149(a) or if the Parole Board determines in its discretion that: "(1) the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and (2) the inmate's release would endanger the public." Id. at § 508.149(b). Under this statutory scheme, an inmate convicted of murder is not eligible for mandatory supervision. See id. at § 508.149(a)(2).

The respondent argues that the Petition is barred by the governing one-year statute of limitations.[7] Since Hosea's Ex Post

---

[6]Id.

[7]Respondent's MSJ, Docket Entry No. 10, pp. 4-7.

-3-

Facto claim was rejected on state habeas corpus review in 2016, the respondent also argues that Hosea is not entitled to relief under the standard of review that applies to claims adjudicated on the merits in state court, 28 U.S.C. § 2254(d).[8]

## II. Discussion

### A. The Petition is Untimely

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), which established a one-year statute of limitations on all federal habeas corpus petitions filed after April 24, 1996. Because the pending Petition was filed well after April 24, 1996, the one-year limitations period clearly applies. See Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citation omitted).

To the extent that Hosea challenges an adverse determination regarding his eligibility for release on mandatory supervision, the limitations period began to run pursuant to 28 U.S.C. § 2244(d)(1)(D) when the factual predicate of the claims presented "could have been discovered through the exercise of due diligence." Court records reflect that Hosea knew he was not eligible for mandatory supervision in 2000 when he sought federal habeas relief from a prison disciplinary conviction. See Hosea v. Hutchinson, Civil No. 9:00-121 (E.D. Tex.). Hosea admitted in response to a

---

[8] Id. at 6-10.

-4-

show cause order in that case that he was not eligible for mandatory supervision because of his underlying murder conviction, which featured an affirmative finding that a deadly weapon was used to commit the offense. See Petitioner's Advisory and Response to the Court's Order of July 24, 2000, Docket Entry No. 8, at p. 1, in Civil No. 9:00-121 (E.D. Tex. Aug. 14, 2000). Because Hosea knew of the factual predicate for his claims in 2000, the statute of limitations expired one year later in 2001. The pending Petition executed by Hosea on July 20, 2017, is therefore untimely by at least 16 years.

Hosea has not established that any statutory or equitable exception applies to toll the limitations period. His Petition is therefore barred by limitations. Hosea is also not entitled to relief because his Ex Post Facto claim lacks merit for reasons discussed briefly below.

## B. The Petitioner is Not Entitled to Relief

Hosea's primary argument is that he has been denied early release on mandatory supervision in violation of the Ex Post Facto Clause under an application of § 508.149 of the Texas Government Code, which was enacted after he committed the underlying offense in July of 1994.[9] Hosea presented a similar challenge in a State

---

[9]Petition, Docket Entry No. 1, pp. 6-7.

Habeas Application dated December 14, 2015.[10] Hosea argued that he was denied Due Process and that the state violated the Ex Post Facto Clause by determining that he was not eligible for mandatory supervision under an unspecified statute that did not go into effect until after he was convicted.[11]

The state habeas corpus court entered findings of fact and concluded that Hosea's claim was without merit because he was not improperly denied release to mandatory supervision under the applicable law.[12] The state habeas corpus court pointed to the statute that was in effect when the offense was committed in 1994, which provided that inmates convicted of murder and those whose convictions included an affirmative deadly weapon finding were not eligible for release to mandatory supervision.[13] See Tex. Code Crim. Proc. art. 42.18 § 8(c), repealed by Acts 1997, 75th Leg., ch. 165, § 12.22, eff. Sept. 1, 1997, now codified as amended at Tex. Gov't Code § 508.149(a); see also Ex parte Mabry, 137 S.W.3d 58, 59 (Tex. Crim. App. 2004) (outlining the statutory amendments to eligibility for mandatory supervision in Texas); Ex parte

---

[10]Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under Code of Criminal Procedure, Article 11.07 ("State Habeas Application"), Docket Entry No. 12-26, pp. 5-21.

[11]Applicant Michael Hosea's Memorandum in Support of Application of Habeas Corpus, Article 11.07 V.A.C.C.P., Docket Entry No. 12-26, pp. 27-28.

[12]State's Proposed Findings of Fact, Conclusions of Law and Order, Docket Entry No. 12-26, pp. 51-53.

[13]Id. at 52.

Schroeter, 958 S.W.2d 811, 812 (Tex. Crim. App. 1997) (quoting Tex. Code Crim. Proc. art. 42.18 § 8(c) and listing offenses outlined in Tex. Code Crim. Proc. art. 42.12, § 3(g), which disqualify a prisoner from eligibility for mandatory supervision). The Texas Court of Criminal Appeals denied relief without a written order based on the state habeas corpus court's findings.[14]

Because Hosea's claim was adjudicated on the merits in state court, this court may not grant relief unless Hosea demonstrates that the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). "'A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts.'" Matamoros v. Stephens, 783 F.3d 212, 215 (5th Cir. 2015) (citations omitted). To constitute an "unreasonable application of" clearly established federal law, a state court's holding "'must be objectively unreasonable, not merely wrong; even clear error will not suffice.'" Woods v. Donald, 135 S. Ct. 1372, 1376 (2015) (citation omitted). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim

---

[14]Action Taken on Writ No. 38,256-09, Docket Entry No. 12-24, p. 1.

-7-

being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" Id. (quoting Harrington v. Richter, 131 S. Ct. 770, 786-87 (2011)).

Hosea has not made the requisite showing under this deferential standard of review because he has not demonstrated that the state court's conclusion was incorrect or an objectively unreasonable interpretation of clearly established law. A state violates the Ex Post Facto Clause found in Article I, Section 10 of the United States Constitution when it "'imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.'" Weaver v. Graham, 101 S. Ct. 960, 964 (1981) (citations omitted). For an Ex Post Facto violation to occur, the following conditions must be met: "(1) a law must be retrospective, that is, it must apply to events occurring before its enactment, and (2) the new law must create a sufficient risk of increasing the punishment attached to the defendant's crimes." Warren v. Miles, 230 F.3d 688, 692 (5th Cir. 2000) (citing California Dep't of Corrections v. Morales, 115 S. Ct. 1597, 1603 (1995) (citation omitted)). In other words, to amount to an ex post facto violation a change in the law "must be both retroactive and to a prisoner's detriment." Hallmark v. Johnson, 118 F.3d 1073, 1077-78 (5th Cir. 1997).

Hosea correctly notes that the statute in effect when an inmate's holding offense was committed determines his eligibility

for mandatory supervision.[15] See, e.g., Ex parte Thompson, 173 S.W.3d 458, 459 (Tex. Crim. App. 2005). However, Hosea does not dispute that he was ineligible for release on mandatory supervision under the statute that was in force when he committed his offense, Tex. Code Crim. Proc. Art. 42.18 § 8(c), which was repealed and replaced with Tex. Gov't Code § 508.149(a) in 1997. Thus, he fails to show that there was any change in the law to his detriment where his eligibility for mandatory supervision is concerned.[16] Because Hosea is not eligible for mandatory supervision under either the old statute or the new version, Hosea has not demonstrated that an ex post facto violation occurred or that the state court's conclusion was either contrary to or based on an unreasonable application of clearly established law. Because Hosea has not shown that relief is warranted under 28 U.S.C. § 2254(d), the respondent is entitled to summary judgment.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when

---

[15] Petitioner's Objections, Docket Entry No. 17, p. 15.

[16] Hosea makes additional allegations about his potential eligibility for "[d]iscretionary" mandatory supervision and being "subject to several parole set-offs." See Petition, Docket Entry No. 1, p. 7; see also Petitioner's Objections, Docket Entry No. 17, pp. 10-19. Because these allegations are contingent upon Hosea's eligibility for mandatory supervision, none of his arguments demonstrate a constitutional violation or a viable claim for relief.

entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

## IV. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. Respondent's Motion for Summary Judgment (Docket Entry No. 10) is **GRANTED**.

2.  The Petition for a Writ of Habeas Corpus By a Person in State Custody filed by Michael Hosea (Docket Entry No. 1) is **DISMISSED with prejudice**.

3.  A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 14th day of March, 2018.

SIM LAKE
UNITED STATES DISTRICT JUDGE